## Reyrat v. City of Scranton

*Walter Kaozmarek* and *John W. Bour*, for plaintiff.
*Jerome I. Myers* and *Henry Sahm*, for defendant.

HOBAN, J., April 24, 1940.—Plaintiff sued the City of Scranton for injuries incurred in a sidewalk accident on January 30, 1936. The suit was commenced by summons on January 29, 1938, and plaintiff's statement of claim was filed March 7, 1940. Between the date of the accident and the date of suit, the Act of July 1, 1937, P. L. 2547, was enacted, which act by its terms took

effect immediately upon approval thereof. The act in question provides that any person claiming damages from a municipality, arising from the negligence of such municipality, must within six months from the date of the negligence file a notice in writing of such claim, and that no cause of action may be validly entered of record where there was a failure to file such notice within the time required by the act, except on leave of court after proper cause shown.

The petition of the city to enter a judgment of non pros. avers that this action was not brought within six months from the date of the negligence complained of, within the meaning of the act of assembly, and that no notice was given within six months of the alleged negligence, either by written notice as required by the act or by filing a statement of claim within the six months' period. The city contends that the act should apply even though the cause of action arose prior to the act. If we were to interpret the act strictly as the city contends, every cause of action of a similar type which arose more than six months prior to July 1, 1937, and of which no written notice had been given to the city, would be automatically barred. We do not believe that this was the intention of the legislature. There is no attempt in the act to change the statute of limitations for the bringing of actions for damages for personal injuries incurred because of the negligence of a defendant, which is two years. All that the legislature did by this act was to require a notice to be filed of such accident. A plaintiff even after the passage of the act still had his period of limitation within which to commence action.

Section 52 of the Statutory Construction Act of May 28, 1937, P. L. 1019, contains the following:

"In ascertaining the intention of the legislature in the enactment of a law, the courts may be guided by the following presumptions among others:

"1. That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable".

If the cause of action arose before six months prior to July 1, 1937, a plaintiff would find himself in the anomalous position of being required to file a notice within six months from the date of alleged negligence, when at the time the negligence and the consequent damages occurred he had no knowledge of any such requirement, and in fact no such requirement existed or could exist until after the six months' period expired, but yet having his cause not absolutely barred by any statute of limitation as to the time of commencing suit. Such a concept is absurd. In support of this theory the city points to the case of Commonwealth, to use, v. New Amsterdam Casualty Co., 3 D. & C. 77. In that case an act of assembly was invoked which prevented a suit against a contractor, or his surety, doing work for the State Highway Department, by a materialman unless he was able to aver that within six months from the completion of the contract no suit had been brought by the Commonwealth of Pennsylvania, in which case it became the duty of the Commonwealth to furnish the materialman or subcontractor with a certified copy of the contract and bond, whereupon he could commence suit. In the case cited, plaintiff had failed to aver that the Commonwealth had failed to bring suit within six months, etc., and defendant moved to strike plaintiff's statement of claim from the record. The court allowed the motion but allowed the filing of a new statement of claim, granting plaintiff the right to apply to the Commonwealth for a certified copy of the contract and bond. The court held that the statute simply was procedural in nature and did not in any way operate as a bar to plaintiff's right. This case is in no way a precedent for the action sought by the city in the case at bar.

Since we hold that the interpretation sought by the city of the Act of 1937 would be absurd, unreasonable, and contrary to the intention of the legislature, we need go no further; but we point out that the construction of the Act of 1937 sought by the city as to causes of action

arising prior to the passage of the act would be of doubtful constitutionality, as special legislation changing the method of collection of debts. Certainly, any such restriction as now proposed, which would have the effect of barring a limited class of litigants from a remedy open to those who suffer the same type of damage, who had brought their actions prior to the passage of the Act of 1937 or subsequent thereto, after due notice, would set up an arbitrary and unreasonable classification, which we think would be in violation of article III, sec. 7, of the Constitution of Pennsylvania.

Now, April 24, 1940, the rule to show cause why judgment of non pros. should not be entered against plaintiff in the above-entitled case is discharged.